## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOB'S STORES LLC, <br><br> Defendant. | CASE NO. 2:13-cv-1261 <br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Victoria's Secret Stores Brand Management, Inc., ("Victoria's Secret") for its

Complaint against Defendant, Bob's Stores LLC ("Defendant"), states and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action by Victoria's Secret to combat and cease Defendant's sale of

infringing and counterfeit products bearing Victoria's Secret's trademarks and proprietary trade

dress.  As a direct and proximate result of Defendant's unlawful distribution and sale of such

unlicensed, infringing, and counterfeit products, Victoria's Secret is irreparably harmed.

Victoria's Secret seeks permanent injunctive relief, damages, costs and attorney's fees as

authorized by the Lanham Act and Ohio law.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; 15 U.S.C. § 1121; 28

U.S.C. § 1338(a) and (b); and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in

this action that arise under the laws of the State of Ohio pursuant to 28 U.S.C. § 1367(a) because

the state law claims are so related to the federal claims that they form part of the same case or

controversy and derive from a common nucleus of operative facts.

3.     This Court may properly exercise personal jurisdiction over Defendant because Defendant: (1) transacts business within the State of Ohio and this District through, *inter alia*, its online retail business; (2) has committed the tortious acts specified herein within the State of Ohio; and (3) has committed tortious acts without the State of Ohio causing injury to persons or property within the State of Ohio, and either regularly does or solicits business, engages in other persistent course of conduct, and/or derives substantial revenue from goods used or consumed or services rendered in the State of Ohio.

4.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c). The wrongful acts alleged herein have been committed in this District. Further, Defendant is subject to personal jurisdiction in this District, a substantial part of the events giving rise to Victoria's Secret's claims occurred in this District, and the intellectual property that is the subject of this action is located and maintained in this District.

## THE PARTIES

5.     Victoria's Secret is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at Three Limited Parkway, Columbus, Ohio 43230.

6.     Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in Meriden, Connecticut.

7.     Defendant owns and operates retail stores and conducts business at various locations within the Northeastern United States. These include at least the following locations:

**Connecticut**

- Ansonia Shopping Center, 409 Main Street, Ansonia, Connecticut 06401
- 114 Federal Road, Danbury, Connecticut 06811

- Enfield Commons, 25 Hazard Avenue, Enfield, Connecticut 06082
- Fairfield Shopping Center, 889 Post Road, Corner of Route 1 & South Bensen Road, Fairfield, Connecticut 06430
- 2300 Dixwell Avenue, Hamden, Connecticut 06514
- 220 Hale Road, Manchester, Connecticut 06040
- Stop and Shop Plaza, 416 East Main Street, Middletown, Connecticut 06457
- 195 Cherry Street, Milford, Connecticut 06460
- Shaws Plaza, 172 Kitts Lane, Newington, Connecticut 06111
- Main Avenue Shopping Center, 380 Main Avenue, Norwalk, Connecticut 06850
- Simsbury Commons, 504 Bushy Hill Road, Simsbury, Connecticut 06070
- 910 Wolcott Street, Waterbury, Connecticut 06705
- Crossroads Center, 167 Waterford Parkway North, Waterford, Connecticut 06385

**Massachusetts**

- Towne Plaza, 700 Boston Road, Billerica, Massachusetts 01821
- Twin City Plaza, 146 Whalon Street, Fitchburg, Massachusetts 01420
- Shoppers World, 1 Worcester Road, Framingham, Massachusetts 01701
- Horace Mann Plaza, 273 East Central Street, Franklin, Massachusetts 02038
- Marketplace Shopping Center, 230 South Main Street, Route 114, Middleton, Massachusetts 01949
- Randolph Crossing Plaza, Route 139 & 24, 100 Mazzeo, Randolph, Massachusetts 02368
- Cape Roads Plaza, 600 South Street West, Raynham, Massachusetts 02767
- 1020 Broadway, Saugus, Massachusetts 01906
- Bayberry Plaza, 150 Highland Ave, Route 6, Seekonk, Massachusetts 02771
- Shrewsbury Retail Center, 571 Boston Turnpike, Suite C, Shrewsbury, Massachusetts 01545
- Bristol Place Shopping Center, 1110 Newport Avenue, South Attleboro, Massachusetts 02703

**New Hampshire**

- Bedford Mall, 73 South River Road (Route 3), Bedford, New Hampshire 03110
- Turnpike Plaza, 255-269 Amherst Street, Nashua, New Hampshire 03063
- Rockingham Mall, 92 Cluff Crossing, Salem, New Hampshire 03079

**New Jersey**

- Freehold Raceway Plaza, 91 Trotters Way, Freehold, New Jersey 07728
- 350 Route 22, Springfield New Jersey 07081
- Channel Shopping Plaza, 465 Route 46, Totowa New Jersey 07511

**New York**

- 3083 Jericho Turnpike, East Northport, New York 11731
- Gateway Plaza, 499 Sunrise Highway, Patchogue, New York 11772
- College Plaza, 15 College Plaza, Selden, New York 11784
- South Bay Commons, 135-187 Sunrise Highway, West Islip, New York 11795

**Rhode Island**

- 1400 Oaklawn Avenue, Cranston, Rhode Island 02920

The foregoing stores shall be referred to herein as the "Defendant Stores".

8.     Defendant also conducts its retail business through its website, www.bobstores.com (hereinafter, the "Defendant Website").

9.     Defendant uses the Defendant Stores and the Defendant Website to transact its infringing and unlawful activities, and to cause tortious injury in the State of Ohio and this District, by selling and offering for sale merchandise that is counterfeit and infringing.

<u>**FACTS COMMON TO ALL COUNTS**</u>

**A.     The Famous Victoria's Secret Trademarks and Trade Dress**

10.     Victoria's Secret is well known throughout the United States and beyond as a source of premium apparel and beauty and personal care products and related goods and services.

11.     Victoria's Secret has used the VICTORIA'S SECRET PINK trademark in the United States in connection with apparel and related products and services since at least as early as 2001.  Through its active sales and promotional efforts, Victoria's Secret has established the PINK trademark itself as a premiere brand that is well recognized throughout United States and elsewhere.

-4-

12.     Victoria's Secret's rights in and to the PINK trademark are embodied, in part, in the following United States Registrations:

| Registration No. | Mark | Registration Date | Class(es) |
|---|---|---|---|
| 2,820,380 | VICTORIA'S SECRET PINK | Mar. 2, 2004 | 25 |
| 2,992,758 | VICTORIA'S SECRET PINK | Sept. 6, 2005 | 25 |
| 3,226,760 | VICTORIA'S SECRET PINK | April 10, 2007 | 20, 24 |
| 3,234,287 | PINK DOG | April 24, 2007 | 25 |
| 3,386,282 | PHI BETA PINK | Feb. 19, 2008 | 24, 25 |
| 3,502,263 | VICTORIA'S SECRET PINK | Sept. 16, 2008 | 35 |
| 3,520,974 | VICTORIA'S SECRET PINK | Oct. 21, 2008 | 3 |
| 3,544,100 | DRENCHED IN PINK | Dec. 9, 2008 | 3 |
| 3,565,927 | PINK IS LIFE | Jan. 20, 2009 | 35 |
| 3,631,914 | SQUEAKY PINK | June 2, 2009 | 3 |
| 3,665,102 | PINK UNIVERSITY | Aug. 4, 2009 | 16, 18, 25 |
| 3,726,618 | PINK ME UP | Dec. 15, 2009 | 3 |
| 3,729,795 | PINK NATION | Dec. 22, 2009 | 35 |
| 3,750,738 | PINK U | Feb. 16, 2010 | 25 |
| 3,782,747 | LIVE PINK | April 27, 2010 | 3 |
| 3,805,362 | LOVE PINK VICTORIA'S SECRET | June 22, 2010 | 25 |
| 3,840,101 | PINK NATION | Aug. 31, 2010 | 35 |
| 3,853,421 | LIFE IS PINK | Sept. 28, 2010 | 3 |
| 3,883,774 | HOPE PINK | Nov. 30, 2010 | 3 |
| 3,940,420 | Word portion: 1986 PINK NATION VICTORIA'S SECRET | Apr. 5, 2011 | 35 |
| 3,992,764 | VICTORIA'S SECRET PINK | July 12, 2011 | 25 |
| 3,993,100 | I ONLY SLEEP IN PINK | July 12, 2011 | 25 |
| 4,010,593 | ALOHA PINK | Aug. 9, 2011 | 3 |
| 4,061,503 | HOT FOR PINK | Nov. 22, 2011 | 3 |
| 4,061,574 | MAKE ME PINK | Nov. 22, 2011 | 3 |
| 4,061,578 | FOREVER PINK | Nov. 22, 2011 | 3 |
| 4,097,199 | GIVE A LITTLE PINK | Feb. 7, 2012 | 3 |
| 4,097,220 | MERRY MERRY PINK | Feb. 7, 2012 | 3 |
| 4,164,695 | OH WHAT FUN IS PINK | June 26, 2012 | 3 |
| 4,219,269 | PINK BEACH | Oct. 2, 2012 | 3 |
| 4,336,625 | LIFE IS PINK IS LIFE | May 21, 2013 | 35 |

True and correct copies of all of the foregoing registrations are attached as **Exhibit A** and are incorporated herein by reference.

13.    The trademarks reflected in Exhibit A are valid and have not been licensed to Defendant for use in any manner whatsoever.

14.    Victoria's Secret has used the 86 trademark in connection with apparel and related products and services since at least as early as 2005.

15.    Victoria's Secret's rights in and to the 86 mark are embodied, in part, in the following United States Registrations:

| Registration No. | Mark | Registration Date | Class(es) |
|---|---|---|---|
| 3,490,221 | 86 | Aug. 19, 2008 | 25 |
| 3,684,473 | 86 | Sept. 15, 2009 | 20, 24 |

True and correct copies of the foregoing registrations are attached hereto as **Exhibit B** and are incorporated herein by reference.

16.    The trademarks reflected in Exhibit B are valid and have not been licensed to Defendant for use in any manner whatsoever.

17.    The trademarks described in paragraphs 9 through 16, above, are referred to herein collectively as the "VS PINK Trademarks".

18.    Since long prior to the acts of Defendant complained of herein, Victoria's Secret has sold its VS PINK-branded apparel products with a distinctive overall appearance and design (hereinafter referred to as the "VS PINK Trade Dress").  The VS PINK Trade Dress features distinctive collegiate-style lettering as well as distinctive collegiate-style designs such as crests and laurels.  Examples of VS PINK-branded products featuring the distinctive VS PINK Trade Dress are attached hereto as **Exhibit C** and incorporated herein by reference.

19.     Products featuring the VS PINK Trademarks and Trade Dress are sold throughout the United States in Victoria's Secret retail stores, including in dedicated VS PINK brand store sections; freestanding PINK stores; the Victoria's Secret catalogue; and online at both www.victoriassecret.com and www.VSPink.com.  Victoria's Secret's store signage and window displays oftentimes present Victoria's Secret's retail locations as VS PINK branded or featuring VS PINK branded merchandise.

**B      Victoria's Secret Has Invested Significant Resources In Its Trademarks And Trade Dress And They Have Become Valuable Assets**

20.     The VS PINK Trademarks and Trade Dress are distinctive and signify to members of the consuming public that products that come from Victoria's Secret are manufactured to the highest standard of quality.

21.     Victoria's Secret has, with consistent and earnest effort, marketed and publicized its distinctive and high-quality apparel and related products and services to American consumers. Victoria's Secret's clear and consistent marketing message has been that its apparel and related products and services represent the highest quality.  As a result of the high quality of apparel and related products and services Victoria's Secret has provided to its customers, and its reputation as a premier retailer of such high-quality apparel and related products and services, the VS PINK Trademarks and Trade Dress have become valuable assets and are famous.

22.     Victoria's Secret has spent millions of dollars promoting the VS PINK Trademarks and Trade Dress.  As a direct result of this time and effort promoting the VS PINK Trademarks and Trade Dress, Victoria's Secret's customers, its competitors, and the general public have come to associate the high quality apparel and related products and services offered by Victoria's Secret with its use of the VS PINK Trademarks and Trade Dress.

23.     For example, Victoria's Secret has extensively promoted the VS PINK Brand in social media, including on Facebook, where the brand has over one million "fans" and over thirteen million "likes."  In addition, since as early as 2006, popular, national publications such as *Seventeen*, *People*, and *Cosmopolitan* have featured VS PINK branded products in fashion editorials, and the VS PINK Brand has been covered in mainstream news and business publications including *The New York Times*, *Newsday*, *The Boston Herald*, *The Chicago Sun-Times* and *The Columbus Dispatch*, among others.

24.     The "PINK NATION" feature on the Victoria's Secret website, located at pink.victoriassecret.com, which provides special promotional offers to fans of the VS PINK brand, has nearly seven million total registered users and is growing daily.  Customers can join the "PINK NATION" either by registering online or by downloading iPad and phone "apps," the latter of which allows users to access to additional VS PINK-branded experiences, activities, interactions and ecommerce opportunities.  Over three million of the "PINK NATION" registered users have downloaded the PINK NATION app for iPhone or Android.

25.     Plaintiff also has prominently featured its VS PINK branded products in the Victoria's Secret Fashion Show, an annual television broadcast on the CBS network that has become one of the most anticipated fashion events of the year, boasting viewership of more than ten million in recent years.  Plaintiff also actively promotes its VS PINK Brand on college campuses throughout the country, with the assistance of more than 100 campus representatives, and by organizing promotional events featuring high profile musical acts and other celebrities.

26.     As a result of these promotional efforts, and Victoria's Secret's commitment to providing high quality goods and services, Plaintiff's VS PINK Brand has become a dominant lifestyle brand targeting college girls and celebrating campus life.  In December 2012, the

fashion trade journal Women's Wear Daily ranked Victoria's Secret's VS PINK Brand among the Top 100 most recognized fashion brands in the U.S., based on a survey of women aged 13 to 64, at # 94. In the same survey, Victoria's Secret's VICTORIA'S SECRET brand was ranked as the # 1 most recognized fashion brand in the country.

27. Products bearing Victoria's Secret's VS PINK Trademarks have been very successful, yielding sales in excess of $6 billion through 2012. Sales of products bearing the VS PINK Trademarks now exceed $1.5 billion annually.

28. Products bearing the VS PINK Trademarks and Trade Dress have been widely accepted by the public and are enormously popular, as demonstrated the extraordinarily high volume of VS PINK brand sales each year. As a direct result of Victoria's Secret's substantial investment in and to the VS PINK Trademarks and Trade Dress, the VS PINK Trademarks and Trade Dress have become famous.

29. This enormous popularity is not without cost, as evidenced by the increasing number of infringers and counterfeiters in the United States and around the world. Indeed, it is a modern irony that companies measure success by the extent of their infringing and counterfeiting problem.

30. Victoria's Secret has gone to great lengths to protect and enforce the VS PINK Trademarks and Trade Dress. Victoria's Secret's efforts to protect the VS PINK brand are rigorous and Victoria's Secret actively pursues infringers who violate Victoria's Secret's rights in and to the VS PINK Trademarks and Trade Dress.

**C. Defendant's Unlawful Conduct**

31. In October 2013, Victoria's Secret became aware that Defendant is involved in the sale of infringing and counterfeit apparel products bearing the VS PINK Trademarks and Trade Dress to the general public using the Defendant Stores and the Defendant Website.

32.     On or about November 1, 2013, Victoria's Secret's counsel sent a letter to Defendant demanding that it cease and desist sales of any and all infringing and counterfeit products bearing the VS PINK Trademarks and Trade Dress or colorable imitations thereof.  A true and correct copy of Victoria's Secret's November 1, 2013 letter is attached hereto as **Exhibit D** and is incorporated herein by reference.

33.     On or about November 13, 2013, Defendant's counsel sent a responsive letter to counsel for Victoria's Secret.  In the letter, Defendant's counsel indicated that Defendant denied liability for the activities described in Victoria's Secret's prior correspondence and that Defendant refused to comply with Victoria's Secret's demands to cease and desist sales of its infringing and counterfeit merchandise.  A true and correct copy of Defendant's November 13, 2013 letter is attached hereto as **Exhibit E** and is incorporated herein by reference.

34.     On or about December 10, 2013, counsel for Victoria's Secret sent a letter to counsel for Defendant refuting the arguments asserted in Exhibit E and renewing the demands of Victoria's Secret's original cease and desist letter.  A true and correct copy of Victoria's Secret's December 10, 2013 letter is attached hereto as **Exhibit F** and is incorporated herein by reference.

35.     Counsel for the parties subsequently engaged in discussions via telephone and email in an attempt to resolve the instant dispute; however Defendant has not agreed to cease the sale of the unlawful, infringing and counterfeit products.

36.     As a result, upon information and belief, as of the date of this Complaint, infringing and counterfeit products bearing the VS PINK Trademarks and Trade Dress are still available for sale on the Defendant Website and in Defendant Stores.  Examples of Defendant's infringing and counterfeit apparel products are attached hereto as **Exhibit G** and incorporated herein by reference.

37. As evidenced by the examples set forth in Exhibit G, Defendant is infringing Victoria's Secret's rights in and to the VS PINK Trademarks and Trade Dress.

### FIRST CLAIM FOR RELIEF

**(Trademark Infringement 15 U.S.C. § 1114, § 1125)**

38. Victoria's Secret repeats and alleges the allegations set forth in paragraphs 1 through 37 above, as if set forth fully herein.

39. Victoria's Secret owns the exclusive rights to the VS PINK Trademarks. Victoria's Secret's use of the VS PINK Trademarks in the United States predates that of Defendant.

40. Notwithstanding Victoria's Secret's well known and prior common law and statutory rights in the VS PINK Trademarks, Defendant has, with actual and constructive notice of Victoria's Secret's federal rights, and long after Victoria's Secret established its rights in the Victoria's Secret Trademarks, adopted and used the VS PINK Trademarks in conjunction with the purchase, distribution, offer of sale, and sale of apparel products in interstate commerce. The apparel products sold by Defendant bearing the VS PINK Trademarks are counterfeit.

41. Defendant's use of the VS PINK Trademarks without the authorization of Victoria's Secret is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Victoria's Secret.

42. Defendant's use of the VS PINK Trademarks without the authorization of Victoria's Secret is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Victoria's Secret's goods and the sponsorship or endorsement of those goods by Defendant.

43.     Victoria's Secret has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the VS PINK Trademarks.

44.     Such confusion, deception, or mistake has occurred as a direct result of Defendant's use of the VS PINK Trademarks in connection with the display, advertising, and promotion of the counterfeit apparel products.

45.     Despite the fact that Defendant has actual knowledge of Victoria's Secret's rights in and to the VS PINK Trademarks, Defendant has used, and upon information and belief, will continue to use the VS PINK Trademarks in complete disregard of Victoria's Secret's rights.

46.     Defendant has misappropriated Victoria's Secret's substantial rights in and to the VS PINK Trademarks, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Victoria's Secret, enjoy the selling power of the VS PINK Trademarks, allow Defendant to improperly blunt and interfere with Victoria's Secret's continued promotion and expansion of the VS PINK Trademarks, and allow Defendant to palm off products as those being produced by, sponsored or authorized by Victoria's Secret.

47.     Upon information and belief, the acts of Defendant alleged in paragraphs 1 through 46 above were committed with full knowledge of Victoria's Secret's rights and with the intention of deceiving and misleading the public.

48.     Upon information and belief, the acts of Defendant alleged in paragraphs 1 though 47 above were committed with full knowledge of Victoria's Secret's rights and with the intention of causing harm to Victoria's Secret.

49.     Defendant's infringing activities will continue to cause irreparable injury to Victoria's Secret if Defendant is not restrained by the Court from further violation of Victoria's Secret's rights.

50.     As a direct and proximate result of Defendant's unlawful infringement, Victoria's Secret has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable, but will be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a))

51.     Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 50 above, as if set forth fully herein.

52.     Victoria's Secret owns the exclusive rights to the VS PINK Trademarks. Victoria's Secret's use of the VS PINK Trademarks in the United States predates that of Defendant.

53.     Notwithstanding Victoria's Secret's well known and prior common law and statutory rights in the VS PINK Trademarks, Defendant has, with actual and constructive notice of Victoria's Secret's federal registration rights, and long after Victoria's Secret established its rights in the VS PINK Trademarks, adopted and used the VS PINK Trademarks in conjunction with the purchase, distribution, offer of sale, and sale of apparel products in interstate commerce. The apparel products bearing the VS PINK Trademarks are counterfeit.

54.     Defendant's use of the VS PINK Trademarks without the authorization of Victoria's Secret is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Victoria's Secret.

55. Defendant's use of the VS PINK Trademarks without the authorization of Victoria's Secret is likely to deceive and cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Victoria's Secret's goods and the sponsorship or endorsement of those goods by Defendant.

56. Victoria's Secret has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the VS PINK Trademarks.

57. Such confusion, deception, or mistake has occurred as a direct result of Defendant's use of the VS PINK Trademarks in connection with the display, advertising, and promotion of the counterfeit apparel products.

58. Despite the fact that Defendant has actual knowledge of Victoria's Secret's rights in and to the VS PINK Trademarks, Defendant has used, and upon information and belief, will continue to use the VS PINK Trademarks in complete disregard of Victoria's Secret's rights.

59. Defendant has misappropriated Victoria's Secret's substantial rights in and to the VS PINK Trademarks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Victoria's Secret, enjoy the selling power of the VS PINK Trademarks, allow Defendant to improperly blunt and interfere with Victoria's Secret's continued promotion and expansion of the VS PINK Trademarks, and allow Defendant to palm off products as those being produced by, sponsored or authorized by Victoria's Secret.

60. Upon information and belief, the acts of Defendant alleged in paragraphs 1 through 59 above were committed with full knowledge of Victoria's Secret's rights and with the intention of deceiving and misleading the public.

61. Upon information and belief, the acts of Defendant alleged in paragraphs 1 through 60 above were committed with full knowledge of Victoria's Secret's rights and with the intention of causing harm to Victoria's Secret.

62. Defendant's infringing activities will continue to cause irreparable injury to Victoria's Secret if Defendant is not restrained by the Court from further violation of Victoria's Secret's rights.

63. As a direct and proximate result of Defendant's unlawful infringement, Victoria's Secret has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable, but will be proven at trial.

<u>**THIRD CLAIM FOR RELIEF**</u>

**(Dilution of Famous Mark 15 U.S.C. § 1125(c))**

64. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 63 above, as if set forth fully herein.

65. As a result of Victoria's Secret's continuous promotion of its products in conjunction with the VS PINK Trademarks and the substantial investment in building the strength and recognition of the VS PINK Trademarks, the VS PINK Trademarks have become recognized as distinctive and famous.

66. Defendant's use in commerce of the VS PINK Trademarks began after the VS PINK Trademarks became famous and has caused dilution of the distinctive quality of the marks. Defendant's acts of dilution are blurring the distinctiveness of the VS PINK Trademarks and tarnishing the distinctiveness of the VS PINK Trademarks.

67. Such dilution has occurred as a direct result of Defendant's display, advertising, and promotion, both in-store and otherwise, of the counterfeit apparel products.

68.     Upon information and belief, Defendant intended to trade on Victoria's Secret's reputation and/or to cause dilution of the famous VS PINK Trademarks.

69.     Unless Defendant's conduct is enjoined, Defendant will continue its acts of dilution and Victoria's Secret and its goodwill and reputation will suffer irreparable injury.

70.     As a direct and proximate result of Defendant's unlawful dilution, Victoria's Secret has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable, but will be proven at trial.

### FOURTH CLAIM FOR RELIEF

### (Trade Dress Infringement 15 U.S.C. §  1125(a))

71.      Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 70 above, as if set forth fully herein.

72.     As a result of the tremendous amount of time, money, and effort Victoria's Secret has spent promoting its products in conjunction with its distinctive VS PINK Trade Dress, Victoria's Secret's unique VS PINK Trade Dress has become recognizable to consumers as a designation of origin specifically identifying Victoria's Secret as the source of its apparel products and related products and services.

73.     Victoria's Secret's VS PINK Trade Dress is nonfunctional, distinctive, fanciful and entitled to trade dress protection.

74.     Victoria's Secret's use of the VS PINK Trade Dress predates any alleged use by Defendant in the United States.

75.     Notwithstanding Victoria's Secret's well known and prior common law rights in the VS PINK Trade Dress, Defendant has, with actual and constructive notice of Victoria's Secret's rights, and long after Victoria's Secret established its rights in the VS PINK Trade

Dress, adopted and used the VS PINK Trade Dress in conjunction with the purchase,

distribution, offer of sale, and sale of apparel products in interstate commerce.

76.     Defendant's use of the VS PINK Trade Dress without the authorization of

Victoria's Secret is likely to deceive and cause confusion, mistake, or deception among

consumers or potential consumers as to the source or origin of Defendant's goods and the

sponsorship or endorsement of those goods by Victoria's Secret.

77.     Defendant's use of the VS PINK Trade Dress without the authorization of

Victoria's Secret is likely to deceive and cause confusion, mistake, or deception among

consumers or potential consumers as to the source or origin of Victoria's Secret's goods and the

sponsorship or endorsement of those goods by Defendant.

78.     Victoria's Secret has not authorized, licensed, or otherwise condoned or

consented to Defendant's use of the VS PINK Trade Dress.

79.     Such confusion, deception, or mistake has occurred as a direct result of

Defendant's use of the VS PINK Trade Dress in connection with the display, advertising, and

promotion of the counterfeit apparel products.

80.     Despite the fact that Defendant has actual knowledge of Victoria's Secret's rights

in and to the VS PINK Trade Dress, Defendant has used, and upon information and belief, will

continue to use the VS PINK Trade Dress in complete disregard of Victoria's Secret's rights.

81.     Defendant has misappropriated Victoria's Secret's substantial rights in and to the

VS PINK Trade Dress, as well as the goodwill associated therewith.  Unless restrained and

enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive

advantage over Victoria's Secret, enjoy the selling power of the VS PINK Trade Dress, allow

Defendant to improperly blunt and interfere with Victoria's Secret's continued promotion and

expansion of the VS PINK Trade Dress, and allow Defendant to palm off products as those being produced by, sponsored or authorized by Victoria's Secret.

82.     Upon information and belief, the acts of Defendant alleged in paragraphs 1 through 81 above were committed with full knowledge of Victoria's Secret's rights and with the intention of deceiving and misleading the public.

83.     Upon information and belief, the acts of Defendant alleged in paragraphs 1 through 82 above were committed with full knowledge of Victoria's Secret's rights and with the intention of causing harm to Victoria's Secret.

84.     Defendant's infringing activities will continue to cause irreparable injury to Victoria's Secret if Defendant is not restrained by the Court from further violation of Victoria's Secret's rights.

85.     As a direct and proximate result of Defendant's unlawful infringement, Victoria's Secret has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable, but will be proven at trial.

### FIFTH CLAIM FOR RELIEF

### (Deceptive and Unfair Trade Practices Under Ohio State Law § 4165.02)

86.     Victoria's Secret hereby repeats and realleges the allegations set forth in paragraphs 1 through 85, above, as if set forth fully herein.

87.     Through the conduct described herein, Defendant has engaged in unfair competition and deceptive trade practices in violation of Ohio Revised Code § 4165.02.

88.     Upon information and belief, the acts of Defendant alleged in paragraphs 1 through 87 above were committed with full knowledge of Victoria's Secret's rights and with the intention of causing confusion and mistake; deceiving and misleading the public; and

misrepresenting the affiliation, connection, or sponsorship of the Defendant's goods and commercial activities with Victoria's Secret.

89.    As a direct and proximate result of Defendant's unlawful activities, Victoria's Secret has and continues to suffer damages in an amount which is not presently ascertainable but will be established at trial.

90.    The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Victoria's Secret to suffer irreparable harm.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition Under Ohio State Law)

91.    Victoria's Secret hereby repeats and realleges the allegations set forth in paragraphs 1 through 90, above, as if set forth fully herein.

92.    Victoria's Secret's use of the VS PINK Trademarks and Trade Dress predates any alleged use by Defendant.

93.    Defendant's actions in connection with the sale, promotion, and advertising of its goods is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods provided by or sold by Defendant and the sponsorship or endorsement of those goods provided by or sold by Victoria's Secret.

94.    Victoria's Secret has never authorized, licensed, or otherwise condoned or consented to Defendant's use of the VS PINK Trademarks and Trade Dress.

95.    The aforesaid acts of Defendant constitute unfair competition under the common law of Ohio.

96.    Upon information and belief, the acts of Defendant alleged in paragraphs 1 through 95 above were committed with full knowledge of Victoria's Secret's rights and with the

intention of causing confusion and mistake; deceiving and misleading the public; and misrepresenting the affiliation, connection, or sponsorship of the Defendant's goods and commercial activities with Victoria's Secret.

97.    As a direct and proximate result of Defendant's unlawful activities, Victoria's Secret has and continues to suffer damages in an amount which is not presently ascertainable but will be established at trial.

98.    The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Victoria's Secret to suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Victoria's Secret prays that the Court enter an Order against Defendant as follows:

1)    Permanently enjoining Defendant, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with it, from:

a)    further infringing the VS PINK Trademarks and Trade Dress by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any counterfeit apparel products, including, but not limited to apparel products and related merchandise bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the VS PINK Trademarks and Trade Dress;

b)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the VS PINK Trademarks and Trade Dress in connection with the promotion, advertisement, display, sale, offer for sale, circulation or distribution (including, but not limited to, through use of the Defendant Stores) of counterfeit apparel products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to

Victoria's Secret, or to any goods sold, manufactured, sponsored or approved by, or connected with Victoria's Secret;

c)      making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendant are in any manner associated or sponsored by or connected with Victoria's Secret, or are sold, manufactured, licensed, sponsored, approved, or authorized by Victoria's Secret;

d)      engaging in any other activity constituting unfair competition with Victoria's Secret, or constituting an infringement of the VS PINK Trademarks and Trade Dress or of Victoria's Secret' rights in, or to use, or to exploit the VS PINK Trademarks and Trade Dress, or constituting any dilution of any of the VS PINK Trademarks and Trade Dress;

e)      effecting assignments or transfers, forming new entities, or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

f)      secreting, destroying, altering, removing, or otherwise dealing with the counterfeit apparel products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all counterfeit apparel products which infringe the VS PINK Trademarks and Trade Dress; and

g)      aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon the VS PINK Trademarks and Trade Dress.

2)      Directing that Defendant deliver for destruction all counterfeit apparel products, including apparel products and labels, signs, prints, packages, dyes, wrappers, receptacles, and advertisements relating thereto in its possession or under its control bearing the VS PINK Trademarks and Trade Dress or any simulation, reproduction, counterfeit, copy, or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3)      Consistent with all relief available to Victoria's Secret as an owner of registered trademarks pursuant to 15 U.S.C. § 1114, directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products sold or otherwise circulated or promoted by Defendant are in any manner associated or sponsored by or connected with Victoria's Secret, or are sold, manufactured, licensed, sponsored, approved, or authorized by Victoria's Secret.

4)      That Victoria's Secret be awarded from Defendant three times Victoria's Secret's damages from and three times of each of Defendant's profits there from, after an accounting, or, in the alternative statutory damages, should Victoria's Secret opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of the VS PINK Trademarks and for the VS PINK Trade Dress infringed upon by the Defendant, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000), for each of the VS PINK Trademarks and for the VS PINK Trade Dress infringed upon by the Defendant, pursuant to 15 U.S.C. §§ 1114, 1117, and 1125(a).

5)      Awarding Victoria's Secret its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

6)      Awarding Victoria's Secret its costs in bringing this action.

7)      Awarding Victoria's Secret any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Victoria's Secret hereby demands a

trial by jury of all issues so triable.


Dated: December 23, 2013                    Respectfully submitted,

                                            /s/ Meredith M. Wilkes
                                            Meredith M. Wilkes (Ohio Bar No. 0073092)
                                            mwilkes@jonesday.com
                                            Mary Alexander Hyde (Ohio Bar No. 0084136)
                                            malexanderhyde@jonesday.com
                                            JONES DAY
                                            North Point
                                            901 Lakeside Avenue
                                            Cleveland, Ohio  44114-1190
                                            Telephone:     (216) 586-3939
                                            Facsimile:     (216) 579-0212

                                            Attorneys for Plaintiff
                                            Victoria's Secret Stores Brand Management, Inc.