**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**VICTORIA'S SECRET STORES BRAND**
**MANAGEMENT, INC.,**

        **Plaintiff,**

                                 **Case No. 2:13-cv-1261**
      **v.**                             **JUDGE GREGORY L. FROST**
                                    **Magistrate Judge Norah McCann King**

**BOB'S STORES LLC,**

        **Defendant.**

<u>**OPINION & ORDER**</u>

       This matter is before the Court for consideration of Defendant's motion to stay case pending resolution of dispositive motion (ECF No. 12) and Plaintiff's motion for leave to conduct jurisdictional discovery (ECF No. 23). For the reasons that follow, the Court **GRANTS** Plaintiff's motion and **ORDERS** that the parties may engage in limited jurisdictional discovery, subject to the guidelines set forth below. The Court **GRANTS IN PART** Defendant's motion and **ORDERS** that merits discovery (i.e., non-jurisdictional discovery) is hereby stayed pending resolution of Defendant's motion to dismiss for lack of personal jurisdiction.

**I.**       **BACKGROUND**

       By way of brief background, Defendant is a New Hampshire company that owns and operates retail stores in Connecticut, Massachusetts, New Hampshire, New Jersey, New York, and Rhode Island. Defendant also operates a website through which at least some of its products are made available to consumers.

       This case involves Defendant's alleged infringement of Plaintiff's trademarks and

1

proprietary trade dress.  In its Complaint, Plaintiff identified three examples of clothing sold by Defendant that allegedly infringe on its (Plaintiff's) trademarks.  Plaintiff speculates that Defendant unlawfully sold and distributed additional infringing products.

On February 18, 2014, Defendant filed a motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction.  (ECF No. 11.)  Defendant asserts in its motion that it has no contacts with the State of Ohio such that it is not subject to personal jurisdiction in this Court.  Defendant also attached to its motion a declaration ("Declaration") stating, *inter alia*, that the three allegedly infringing products were only available in stores (none of which are in Ohio).  Defendant concludes that its website—arguably its only contact with Ohio—has nothing to do with Plaintiff's claims.

Plaintiff responded to Defendant's motion on March 10, 2014.  (ECF No. 22.)  The crux of Plaintiff's claim that jurisdiction exists is that Defendant's website is "highly interactive" and available to Ohio consumers.  (*Id*. at 1.)  Plaintiff asserts: "the limited discovery obtained to date reveals that Defendant has sold . . . thousands of dollars of merchandise specifically to residents of the State of Ohio."  (*Id*. at 1–2.)  Plaintiff also asserts that it has no way to verify the assertions set forth in Defendant's Declaration regarding whether the three allegedly infringing products were available for purchase on Defendant's website.  Plaintiff notes that Defendant failed to provide any documentary evidence in support of its Declaration.

## II.     JURISDICTIONAL DISCOVERY

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any

apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989)). "The court has discretion to select which method it will follow . . . ." *Id*. (citing *Michigan Nat'l Bank v. Quality Dinette, Inc.,* 888 F.2d 462, 466 (6th Cir.1989)).

Given the disputed factual issues regarding Defendant's website, the Court finds that limited jurisdictional discovery is warranted. The Court reminds the parties, however, that, "[a]lthough Federal Rule of Civil Procedure 26 contemplates broad discovery, courts must ensure that jurisdictional discovery does not undermine the due process considerations that personal jurisdiction is designed to protect." *In re Porsche Cars N. Am., Inc*., No. 2:11-md-2233, 2012 WL 4361430, at *2 (S.D. Ohio Sept. 25, 2012) (citing *Draper, Inc. v. Mechoshade Sys*., No. 1:10–cv–1443, 2012 WL 287480, at *1–2 (S.D. Ind. Jan. 30, 2012)).

The parties shall have sixty days from the date of this Opinion & Order to engage in limited jurisdictional discovery. Such discovery must be limited to jurisdictional issues raised in or relevant to Defendant's motion to dismiss for lack of personal jurisdiction. Any party that believes the opposing party's discovery requests exceed the scope and purpose of limited jurisdictional discovery is instructed to contact the Court to arrange a telephone status conference.

The parties are hereby **ORDERED** to adhere to the following schedule:

1. Jurisdictional discovery must be completed on or before **May 16, 2014**;

2. Plaintiff may supplement its memorandum in opposition to Defendant's motion to dismiss for lack of personal jurisdiction on or before **May 30, 2014**;

3. Defendant may file a reply in support of its motion on or before **June 16, 2014**; and

3

4.   Defendants' motion shall come on for a non-oral hearing on **June 18, 2014**.

## III.    MERITS DISCOVERY

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co*., 299 U.S. 248, 254–55 (1936)).  "In assessing a motion to stay discovery, the Court must weigh 'the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of the discovery.' "  *Brown v. Danson Inc*., No. 1:11-cv-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012) (quoting *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10–cv–219, 2010 WL 3719245, at *1 (S.D. Ohio Sept.16, 2010)).

Several considerations weigh in favor of staying merits discovery while Defendant's motion to dismiss is pending.  First, this case is in the very early stages of litigation.  Defendant filed its motion just six days after the parties filed their Rule 26(f) Report.  Second, because personal jurisdiction is a threshold issue that determines whether a court has the power to bind the defendant, the nature of the pending motion in this case supports a stay of merits discovery. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) (stating that jurisdiction is a threshold issue); *Bustos v. United States*, No. 08-cv-00153, 2009 WL 416511, at *2–3 (D. Colo. Feb. 18, 2009) (noting that, while stays generally are disfavored, they are appropriate when threshold issues related to jurisdiction are being resolved); *cf. Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (stating that discovery should not be allowed while the court decides threshold questions of immunity).  Staying merits discovery is consistent with the Court's pronouncement above that discovery must not "undermine the due process considerations that personal

4

jurisdiction is designed to protect." *In re Porsche Cars N. Am., Inc*., 2012 WL 4361430, at *2. And finally, the parties' briefs suggest an inability to cooperate in exchanging information. It would make little sense for the Court to adjudicate discovery disputes without first deciding whether it has the power to bind Defendant.

Conversely, the burden to Plaintiff of staying merits discovery is slight. Plaintiff will have the chance to obtain the jurisdictional discovery it seeks. The stay of merits discovery will be relatively short. And to the extent there is a burden associated with staying merits discovery, the Court notes that Plaintiff chose to file this case in its home district against an out-of-state defendant. Any burden associated with a brief stay while the Court determines whether it has jurisdiction over Defendant is entirely self-inflicted.

As a result of the foregoing, the Court finds that a stay of merits discovery is appropriate. All discovery (other than the limited jurisdictional discovery discussed above) is hereby **STAYED** pending the Court's resolution of Defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 11).

IV.     **CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's motion for leave to conduct jurisdictional discovery (ECF No. 23) and **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to stay case pending resolution of dispositive motion (ECF No. 12).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**